IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RONALD BERMARD )
)
    Plaintiff, )
)
v. ) Case No.: 2:19-cv-04043-NKL
)
KANSAS CITY LIFE INSURANCE CO. )
)
    Defendant )
)

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Plaintiff, by his attorney, and in accordance with the provisions of Rule 56(a)(c) of the Federal Rules of Civil Procedure, and with the attached Suggestions in Support of Plaintiff's Motion for Summary Judgment, respectfully moves that the Court issue an Order granting Summary Judgment on behalf of Plaintiff and against Defendant, and finding that Plaintiff while an employee of Mid Missouri Anesthesiologists met the definition of "disability" under the terms of the short term disability policy of insurance and long term policy of insurance issued by Defendant and as set out in counts I and II of Plaintiff's complaint herein.

## COUNT I

In respect to Plaintiff's claim for short term disability benefits as set out in count I of Plaintiff's complaint Plaintiff moves the Court for summary judgement, Plaintiff states:

1. That Defendant issued to Plaintiff's employer, Mid Missouri Anesthesiologists a short term disability insurance policy that under the terms of the policy an employee of Mid Missouri Anesthesiologists who becomes disabled is entitled

1

to a benefit of 60% of the employee's weekly earning or a maximum of $1,500.00 per week for a period of 13 weeks.

2. That "disability" is defined in the short term disability policy as: You are considered disabled when we receive Your claim and determine that due to Your Sickness or Injury: 1) You are unable to perform all the material substantial duties of your regular occupation; and 2) You have 20% or more loss of your weekly earnings.

3. That Plaintiff met the requirements of the policy for receipt of benefits during the 13 week period commencing October 7, 2017, in that Plaintiff was unable to perform the material and substantial duties of his regular occupation as a nurse anesthetist during that period and had 100% loss of weekly earnings and thus Plaintiff is entitled to receive from Defendant 13 weeks in short term disability benefits for a total of $19,500.00.

4. That Plaintiff suffered a relapse of fentanyl addiction prior to October 6, 2017, and tested positive for use of fentanyl on October 6, 2017, and that Plaintiff stated to his employer on October 6, 2017, that he had relapsed and used fentanyl.

5. That Defendant has stated that Plaintiff's relapse on fentanyl made Plaintiff a danger to the safety of the patients of Mid Missouri Anesthesiologists.

6. That the short term disability policy described herein states that some disabilities are not covered by the policy but that relapse on fentanyl is not designated as an excluded disability and that therefore Plaintiff is entitled to receive 13 weeks of short term disability from Defendant for a total of $19,500.00.

7. That short term disability policy referenced herein does not contain an explicit grant of discretion to Defendant to construe the terms of the Plan or to determine eligibility for benefits and thus this Court's review of the Defendant's decision to deny Plaintiff short term disability must be reviewed de novo.

Wherefore, Plaintiff requests that this Court review and reverse the decision of the Defendant to deny Plaintiff's claim for short term disability and to grant Plaintiff's Motion for Summary Judgment as to Court I of Plaintiff's complaint and enter its Order that Defendant pay to Plaintiff 13 weeks of short term disability benefits at a rate of $1,500.00 per week for a sum of $19,500.00 plus interest and that Defendant be ordered to pay Plaintiff's reasonable attorney's fees as allowed under 29 USC 1132(g).

## COUNT II

In respect to Count II of Plaintiff's complaint for long term disability benefits, Plaintiff moves the Court for summary judgment in favor of Plaintiff and against Defendant and states:

1. That Defendant has issued to Plaintiff's employer, Mid Missouri Anesthesiologists a long term disability insurance policy and that under the terms of the policy an employee of Mid Missouri Anesthesiologists who was under a disability because of mental illness including substance abuse was entitled to 24 months of long term disability benefits in a monthly amount equal to 60% of the employee's monthly earnings or a maximum of $7,500.00 per month, and that based on Plaintiff's earnings of $12,033.33 per month Plaintiff is entitled to monthly payments of $7,219.99 per month for a period of 24 months = $173,279.76.

2. That Plaintiff while an active employee of Defendant suffered a relapse of fentanyl addiction and thus met the definition of "disability" which is defined in the policy as: 1) You are unable to perform all the material substantial duties of your regular occupation; and 2) You have 20% or more loss of your weekly earnings. And that Plaintiff met the definition of "disability" because of a relapse of fentanyl addiction as of October 6, 2017.

3. That Plaintiff suffered a relapse of fentanyl addiction prior to October 6, 2017, and tested positive for the use of fentanyl on October 6, 2017, and that Plaintiff stated to his employer on October 6, 2017, that he had relapsed on fentanyl.

4. That Defendant has stated Plaintiff's relapse on fentanyl made Plaintiff a danger to the safety of the patients of Mid Missouri Anesthesiologists and thus Plaintiff was unable to perform the material and substantial duties of his occupation as nurse anesthetist.

5. That the long term disability insurance policy herein states that some disabilities are not covered by the policy but that relapse on fentanyl is not designated as an excluded disability.

6. That the long term disability insurance policy herein does not contain an explicit grant of discretion to Defendant to construe the terms of the policy or to determine eligibility for benefits and thus this Court's review of the Defendant's decision to deny Plaintiff's claim for long term disability insurance benefits must be reviewed by the Court de novo.

Wherefore, Plaintiff requests that this Court review and reverse the decision of Defendant to deny Plaintiff's claim for long term disability and to grant Plaintiff's Motion for Summary Judgment as to Count II of Plaintiff's complaint and enter its order that Defendant pay to Plaintiff 24 months of long term disability benefits in the amount of $173,279.76 plus interest and that Defendant be ordered to pay Plaintiff's reasonable attorney's fees as allowed under 29 USC 1132(g)

HARLAN, STILL & KOCH

/s/Russell C. Still
Russell C. Still
Attorney for Plaintiff
515 Cherry Street, Suite 300
P.O. Box 933
Columbia, MO  65205
573-874-2402
573-443-3354 (fax)
Email: rstill@harlan-still.com
MO Bar No.:  25423
ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

I certify that on October 31, 2019, the foregoing was electronically filed, and a "Notice of Electronic Filing" was sent via e-mail by the Electronic Case Filing System to Richard N. Bien, Attorney for Defendant.

/s/ Russell C. Still _____
    Russell C. Still