IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RONALD BERNARD )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KANSAS CITY LIFE INSURANCE CO. )<br>)<br>    Defendant )<br>) | Case No.: 2:19-cv-04043-NKL |

### PLAINTIFF'S REPLY TO DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff through his attorney and for his reply to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment states as follows:

### Plaintiff's Reply to Defendant's Argument as to Standard of Review

1. The Defendant in its Suggestions in Opposition to Plaintiff's Motion for Summary Judgment has argued that the decision as to Plaintiff's claim for short term and long term disability benefits should be reviewed by the Court under an arbitrary and capricious standard. (Defendant's Suggestions in Opposition, p.30)

2. The Defendant has reviewed Plaintiff's citation to the case of Brown v. Seitz Food, Inc., 677 F.3d 830, 845-5 (8th Cir. 2012) stating as follows:

> In Brown the Defendant argued that the following lone (sic) provisions provided a grant of discretion: that the insured provided "written proof of loss" and that claims would be paid as long as the definition of total disability is satisfied. Id. 200 The Court disagreed and held that this language did not speak to the administrator's discretion to determine claims and therefore was insufficient to secure differential court review under ERISA. Id. Here plan language discusses Defendant's power to

1

decide whether a claim is payable, Brown is not applicable. (Defendant's Suggestions in Opposition, p.31)

3. The Defendant then goes on to cite the following language from the "Claim Procedure for Disability Income Insurance Plans":

> the claim form(s) must be forwarded to the individual authorized to evaluate claims (Administrator or Insurance Company's Claim Representative). The individual authorized to evaluate claims will determine if benefits are payable and, if due, issue payment(s) to you. (Defendant's Suggestions in Opposition, p.31)

4. This is certainly not an explicit grant of discretionary authority as has long been required in our circuit. It is a mere statement that Defendant will evaluate claims. It does not state that Defendant has any discretion in evaluating claims. The Defendant has cited the case Hankins v. Standard Ins. Co. 677 F.3d 830, 834-835 (8th Cir. 2012). As noted in Plaintiff's previous filings, the Hankins Court acknowledged that in order to trigger a differential standard of review the policy in question must contain "explicit discretion granting language". Id. 835. The language quoted by the Defendant does not contain any description of the administrator or claim representative's authority to decide claims. No description of the insurance company's authority is contained in the language cited. The language cited is merely another way of stating that the insurance company would make decisions as to claims made. There is none of the language present in the Hankins case such as that reserving the power to Standard Insurance to "resolve all questions of interpretation". There is certainly nothing in the language cited that could be called an explicit grant of authority to decide claims.

5. Even if the short term and long term disability policies could be twisted in such a way as to show some discretion by Defendant in deciding the cases the decision to deny benefits to Plaintiff would have to be reversed. Under the arbitrary and capricious

2

Case 2:19-cv-04043-NKL    Document 27    Filed 12/20/19    Page 2 of 9

standard such a decision must be supported by "substantial evidence".  This would be more than a scintilla and less than a preponderance.  And as cited by Defendant the requirement that the plan administrator's decision be reasonable should be read to mean that a decision is reasonable if a reasonable person could have reached a similar decision.  Certainly no reasonable person would have decided in Plaintiff's case that Plaintiff did not suffer from the disease of drug addiction and that his drug addiction/relapse prevented him from performing his profession as a nurse anesthetist in a safe manner.  The Defendant itself has concluded that Plaintiff was terminated from his position due to a concern for the safety of his patients.  (Administrative Record 0000005)

<u>Plaintiff's Reply to Defendant's Argument Concerning Plaintiff's Disability</u>

6. The Defendant then goes on to argue that Plaintiff did not present evidence that he was disabled under the terms of the short term disability and long term disability policies.  The Defendant stated:

> Plaintiff has not met his burden to demonstrate, on the administrative record, that he was disabled pursuant to the terms of the policies at issues.  (Defendant's Suggestions in Opposition, p.32)

7. To the contrary, the evidence of Plaintiff's disability is strong and unrefuted. Treating physician Dr. Schoephoerster stated on October 18, 2017, that Plaintiff was precluded from performing duties of a nurse anesthetist because of "relapse fentanyl addiction".  (Administrative Record 0000177)  Dr. Schoephoerster also stated that "due to addiction, unable to perform work duties as an anesthetist.  (Administrative Record 0000332)  The Defendant itself has stated that Plaintiff was terminated as a nurse anesthetist because of "serious concerns for the safety of the patients".  (Administrative

3

Case 2:19-cv-04043-NKL   Document 27   Filed 12/20/19   Page 3 of 9

Record 0000005) Dr. Schoephoerster's conclusion is supported by the report of Dr. Stewart Russell, a physician engaged by Defendant. After reciting the history of Plaintiff's treatment Dr. Russell answered the following questions proposed to him:

<u>CONCLUSION</u>:

1. What condition(s) result in impairment?

    Drug addiction.

2. Are the restrictions and limitations provided by the AP supported by medical data available?

    Yes. (Administrative Record 0000049-50)

8. Thus, Dr. Russell agreed that Plaintiff suffered from drug addiction and that Dr. Schoephoerster's restrictions, i.e. Plaintiff was not able to work as an anesthetist because of relapse was supported by the "medical data". "AP" is presumed to be attending physician. Plaintiff's disability is also supported by Psychologist Atterbury who reported on November 5, 2017, that Plaintiff was "unable to work" and that Plaintiff's diagnosis was "opioid use" and that Plaintiff's limitations would be chronic. (Administrative Record 0000165) The Plaintiff has pointed this out in his Suggestions in Support of his Motion for Summary Judgment. (Plaintiff's Suggestions, p. 28-29, 35-39)

9. Defendant's response to Plaintiff's argument that Plaintiff's relapse on fentanyl made him, according to Defendant, a danger to his patients by stating that:

> Support for Plaintiff's argument amounts to conjecture and assumption of that evidence. Plaintiff argues that because he used drugs – he must be disabled. He buttresses this conclusion with the assertion that using drugs while serving as a nurse anesthetist posed an unreasonable danger to his patients. (Defendant's Suggestions in Opposition, p.34)

10. Plaintiff does argue that Plaintiff's relapse on fentanyl made Plaintiff unable to work safely as a nurse anesthetist. Defendant has made this same conclusion stating

4

Plaintiff's termination was because of "serious concerns for the safety of the patients". (Administrative Record 0000005)

11. The Defendant then argues that:

> All of the evidence except his own statement is that he continued to perform the duties of his occupation in a satisfactory manner, despite any alleged drug use. His former employer stated there was no indication from his performance that he suffered any limitation or restrictions that rendered him unable to work. (Defendant's Suggestion in Opposition, p.37)

12. First of all it must be pointed out that there was not "alleged drug use", there was drug use. Plaintiff's relapse was demonstrated by the drug test administered on October 6, 2017. (Administrative Record 0000017) This relapse made Plaintiff unable to perform the duties of a nurse anesthetist according to treating physician Dr. Schoephoerster and this Defendant. Defendant's argument is that Plaintiff could not be found to be disabled unless he had caused some injury during his employment. Surely this is not a reasonable interpretation of any long term disability or short term disability plan. The purpose of having drug tests for anesthetists or eye exams for drivers is to identify and exclude persons who cannot perform those occupations in a safe manner. There was no requirement in the policy that the Plaintiff injure someone in order to demonstrate that he was disabled due to relapse on fentanyl.

13. The Defendant cites <u>Hampton v. Reliance Standard Life</u>, 769 F.3d 597 (8th Cir. 2014). (Defendant's Suggestions in Opposition, p.38) It must be pointed out again that the Defendant's description of the <u>Hampton</u> case is incorrect. The Plaintiff in <u>Hampton</u> was not terminated because he failed a drug test. The <u>Hampton</u> Court considered the case of a truck driver who suffered insulin dependent diabetes. The diabetes made him unable to meet the Department of Transportation's requirements as a driver. The

Hampton Court concluded that there was not sufficient evidence that Mr. Hampton's diabetes rendered him unable to perform the work of a truck driver. The Court's comments as to a failed drug test are not inconsistent with Plaintiff's position in this case. Certainly Plaintiff suffered from addiction to fentanyl and a relapse that made him unable to perform his occupation safely. It would be possible for an employee not suffering from addiction to fail a drug test and be terminated. That would be a termination for a "non-medical reason". All of the evidence in this case is that Plaintiff was terminated for the medical reason of suffering from the disease of drug addiction, relapsing and using the drug fentanyl.

### Plaintiff's Response to Defendant's Argument that Plaintiff's Coverage Expired Prior to Disability

14. The Defendant makes the argument that Plaintiff's claim under the short term disability and long term disability policies could not be considered by Defendant because Plaintiff was terminated prior to seeking medical attention after he had relapsed.

>Defendant stated:
>
>Plaintiff's coverage terminated along with his employment. There is no medical evidence that Plaintiff sought treatment for his condition while he was still employed and had coverage. (Defendant's Suggestions in Opposition, p.38)

15. There is nothing in either policy that would state a claimant could not be found to be disabled prior to seeing a physician about the disabling condition. The Defendant stated that:

>In fact in March 2017 in the medical record of Plaintiff's office visit with the treating physician just months before he was fired he denied any drug usage. Plaintiff stated he remained "clean" from drug use and alcohol for over 10 years at no current issues. This is the only medical record that

mentions drugs use during the period Plaintiff's coverage under the group policy, 12/1/16 through the last day of work 10/6/17. (Defendant's Suggestions in Opposition, p.38-39)

16. The Defendant's description of Plaintiff's visit to Dr. Schoephoerster on March 20, 2017 (prior to Plaintiff's termination on October 6, 2017) is incomplete. Defendant has omitted Dr. Dr. Schoephoerster's statement:

> Hx of intravenous drug use in <u>remission</u> (787.898). Clean now for greater than 10 years. No concerns currently. <u>Continue current care plan</u>. (Administrative Record 0000117) (Emphasis added.)

Thus, Plaintiff suffered from drug addiction during the time period of his employment. The clinic note of March 20, 2017 shows the disease then in remission. The note does not show an absence of drug addiction. The notes states "continue current care plan". Defendant stated:

> Even if the court accepts Plaintiff's interpretation of Bowling, the issue here still turns on whether there is evidence in this administrative record that Plaintiff was disabled while his coverage was in force. (Defendant's Suggestions in Opposition, p.40)

17. The Defendant has completely omitted the fact that Plaintiff did use drugs during his employment and took a drug test on October 6, 2017 during his employment which demonstrated that he had relapsed on and used fentanyl during the period of time that he was covered for short term and long term disability policies. (Administrative Record 0000017) Plaintiff was therefore unable to perform the duties of a nurse anesthetist safely, i.e. disabled under the policy.

<u>Plaintiff's Reply to Defendant's Position that if Plaintiff is Entitled to Benefits the Long Term Disability Benefits are Limited to 24 Month.</u>

18. Plaintiff agrees with Defendant that if Plaintiff is entitled to benefits the long term disability benefit is 24 months.

7

19. Finally in the last paragraph in his Suggestions in Opposition Defendant acknowledges that the long term disability policy specifically included coverage for "drug abuse" and that the benefit was limited to 24 months of payments. (Defendant's Suggestions in Opposition, p.40) This is exactly what the Plaintiff had requested all along. Plaintiff seeks 13 weeks of short term disability benefit and 24 months of long term disability benefits.

## CONCLUSION

For the reasons stated in Plaintiff's Suggestions in Support of Plaintiff's Motion for Summary Judgment; Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Reply to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff requests that Plaintiff's Motion for Summary Judgment be granted.

    HARLAN, STILL & KOCH

    /s/Russell C. Still
    Russell C. Still
    Attorney for Plaintiff
    515 Cherry Street, Suite 300
    P.O. Box 933
    Columbia, MO 65205
    573-874-2402
    573-443-3354 (fax)
    Email: rstill@harlan-still.com
    MO Bar No.: 25423
    ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

I certify that on December 20, 2019, the foregoing was electronically filed, and a "Notice of Electronic Filing" was sent via e-mail by the Electronic Case Filing System to Richard N. Bien, Attorney for Defendant.

/s/ Russell C. Still _____
    Russell C. Still